**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ARTHUR BLANTON BALL**                                                                                          **PLAINTIFF**

**v.**                                                                             **CIVIL ACTION NO. 2:20-cv-1-KS-MTP**

**MARION COUNTY and BRIAN ADIARE**                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court *sua sponte* for evaluating whether Plaintiff's claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having considered the record and applicable law and having conducted a *Spears*[1] hearing, the undersigned recommends that this case be dismissed for failure to state a claim and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g).[2]

### BACKGROUND

Because Plaintiff's claims are brought under 42 U.S.C. § 1983, the Court has subject matter jurisdiction based on a federal question pursuant to 28 U.S.C. § 1331. This lawsuit arises from events which occurred while Plaintiff was a post-conviction inmate at the Marion Walthall Correctional Facility. Plaintiff's claims and relief sought were clarified by his sworn testimony at the *Spears* hearing.[3]

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

[2] Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[3] *See Flores v. Livingston*, 405 Fed. App'x. 931, 932 (5th Cir. 2010); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that allegations made at a *Spears* hearing supersede claims alleged in the complaint).

1

According to Plaintiff, two officers—Defendant Brian Adiare and Sgt. Blunt—entered a room where Plaintiff and other inmates were congregated. After Sgt. Blunt left the room, Defendant Adiare allegedly unholstered his taser and pointed it at Plaintiff and another inmate. According to Plaintiff, Defendant Adaire did not make any threats but, instead, was laughing, joking, and acting as though the taser were a toy. Then, while Defendant Adaire was attempting to holster the taser, it discharged and hit Plaintiff in the arm and toe. Plaintiff allegedly fell to the floor and injured his ankle. According to Plaintiff, the firing of the taser was an accident, not purposeful.

Plaintiff also names Marion County, Mississippi as a defendant. Plaintiff alleges that Marion County employed Defendant Adaire and failed to adequately train him in the use of a taser. As relief, Plaintiff seeks compensatory damages.

## STANDARD

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. *See* Order [9].

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to

2

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

Plaintiff's allegations implicate his constitutional rights under the Eighth Amendment which protects inmates from the use of excessive force. To state an Eighth Amendment excessive force claim, a plaintiff must allege that the force was not "applied in a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," and that he suffered an injury. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992).[4] However, a mere claim of negligence on the part of a prison official is not cognizable under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Hare v. City of Corinth, MS*, 74 F.3d 633, 647-48 (5th Cir. 1996).

---

[4] In determining whether excessive force was applied, courts consider several factors, including: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Baldwin v. Stalder*, 137 F.3d 836, 838-39 (5th Cir. 1998)

"[N]egligently inflicted harm is categorically beneath the threshold" for a constitutional violation. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998).

Here, Plaintiff does not allege that Defendant Adaire's use of force was purposeful, much less malicious and sadistic. Plaintiff alleges that Defendant Adaire discharged his taser by accident. Plaintiff's allegations amount to a claim that Defendant Adaire acted negligently. This does not rise to the level of a constitutional violation. *See Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) ("Thus, if an officer's Taser goes off by accident or if an officer unintentionally trips and falls on a detainee, causing him harm, the pretrial detainee cannot prevail on an excessive force claim. But if the use of force is deliberate—*i.e.*, purposeful or knowing—the pretrial detainee's claim may proceed."); *see also Colman v. Marion Cty.*, 2015 WL 5098524, at *10 (S.D. Miss. Aug. 31, 2015); *Sanders v. CCA*, 2009 WL 2473638 (N.D. Miss. Aug. 12, 2009). Accordingly, Plaintiff has failed to state a claim against Defendant Adaire.

Plaintiff also alleges that Marion County failed to properly train Defendant Adaire concerning the use of a taser. To state a claim for municipal liability under § 1983 for failure to train, a plaintiff must allege (1) the supervisor wither failed to supervise or train the subordinate official; (2) a casual link exists between the failure to train or supervise and violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Estate of Davis v. City of N. Richland Hills*, 406 F.3d 375 at 381 (5th Cir. 2005). A failure to train claim requires an underlying constitutional violation. A municipality cannot be held liable pursuant to § 1983 when the official who actually injured the plaintiff did not commit a constitutional violation. *See Corring v. Pearl River Cty.*, 550 F. App'x 204, 205 (5th Cir. 2013); *Saenz v. Heldenfels Bros.*, 183 F.3d 389, 392-93 (5th Cir. 1999).

As Plaintiff failed to allege an underlying constitutional violation, Marion County cannot be liable for its alleged failure to train. Accordingly, Plaintiff has failed to state a claim against Defendant Marion County.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. This action be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii);

2. The dismissal count as a strike pursuant to 28 U.S.C. § 1915(g);

3. Defendant's Motion for Summary Judgment [29] be denied as moot; and

4. If the above recommendations are adopted, a final judgment be entered.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 18th day of November, 2020.

                                                        s/ Michael T. Parker
                                                        United States Magistrate Judge